The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNIE BARNES, SR.,<br><br>　　　　　Defendant. | NO. CR18-5141 BHS<br><br>**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER REFERENCES TO PUNISHMENT**<br><br>NOTING DATE: October 29, 2019 |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Matthew P. Hampton and Lyndsie R. Schmalz, Assistant United States Attorneys for said District, hereby submits this motion *in limine* to preclude the presentation of evidence or argument referring to the potential custodial punishment or other collateral consequences the Defendant faces if found guilty. The government has conferred with counsel for the defense, who have indicated that, at this time, they have made no decision regarding whether they plan to present such evidence or argument to the jury.

## I.　ARGUMENT

Any argument related to the potential penalty that could be imposed, or the collateral consequences of a conviction, should be excluded as irrelevant and prejudicial.

MOTIONS IN LIMINE – 1
*United States v. Barnes*, CR18-5141 BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A jury's sole function in a criminal prosecution is to determine guilt or innocence; it does not impose sentence. As the Supreme Court held in *Shannon v. United States*:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between the judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.

512 U.S. 573, 579 (1994); *see also United States v. Sherpa*, 97 F.3d 1239, 1244–45 (9th Cir. 1996) ("[S]entencing is the province of the judge, not the jury").

This understanding of the jury's role is expressly addressed in the Ninth Circuit's Model Jury Instructions, which the Ninth Circuit urges trial courts to use. Model Instruction 7.4 provides that:

> The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

The Ninth Circuit has not signaled any willingness to revisit or undermine the legal principles contained in this instruction. One month ago, in September 2019, the Ninth Circuit Jury Instructions Committee reviewed and approved Model Instruction 7.4 for use in criminal trials. The Ninth Circuit has also recently rejected a challenge to the reading of this instruction in a criminal trial involving a mandatory minimum sentence. *United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018) (holding that *Shannon* "remains binding law," and Model Instruction 7.4 is an accurate statement of that law).

The rationale for excluding evidence of punishment or the consequences of conviction is readily apparent: such evidence is not probative of guilt or innocence, the only question the jury is called upon to decide. Instead, evidence relating to the punishment and the effects of conviction serve only to confuse the jury and compromise the verdict. In *Shannon*, the Supreme Court explained the inherent risk attached to presenting a jury with this evidence in stark terms. "[P]roviding jurors sentencing

MOTIONS IN LIMINE – 2
*United States v. Barnes*, CR18-5141 BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  information invites them to ponder matters that are not within their province, distracts
2  them from their fact-finding responsibilities, and creates a strong possibility of
3  confusion." 512 U.S. at 579.
4      Applying this rationale, it would be improper for the Defendant to argue or
5  attempt to introduce evidence concerning the possibility of being incarcerated or the
6  mandatory minimum sentence that he faces if convicted. *United States v. Feuer*, 403
7  Fed. App'x 538, 540 (2d Cir. 2010) (holding that, absent exceptional circumstances, a
8  "defendant has no legal right to introduce evidence or argument regarding sentencing
9  consequences"). It would also be improper for the Defendant to argue or reference any
10 collateral consequences he faces if convicted. Such evidence and arguments are not
11 relevant to the charged offenses, and would serve only to draw the attention of the jury
12 away from its chief function as the trier of fact and invite jury nullification.

## II.   CONCLUSION

14    For the foregoing reasons, the United States respectfully requests that the Court
15 preclude evidence and argument related to the potential punishment faced upon
16 conviction. Such argument and evidence are irrelevant to the ultimate issue of the
17 //
18 //
19 //

MOTIONS IN LIMINE – 3
*United States v. Barnes*, CR18-5141 BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's guilt or innocence and would only risk compromising the impartiality of the jury's verdict.

DATED this 18th day of October, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Matthew Hampton*
MATTHEW P HAMPTON

*/s/ Lyndsie Schmalz*
LYNDSIE R. SCHMALZ

Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Phone: (206) 553-6677
Fax: (206) 553-0755
E-mail: Matthew.Hampton@usdoj.gov
        Lyndsie.R.Schmalz@usdoj.gov

MOTIONS IN LIMINE – 4
*United States v. Barnes*, CR18-5141 BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via e-mail and/or telefax.

*s/ Lissette Duran*
LISSETTE DURAN
Paralegal Specialist
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:   (206) 553-7234
Fax:             (206) 553-2502
E-mail:  Lissette.I.Duran@usdoj.gov

MOTIONS IN LIMINE – 5
*United States v. Barnes*, CR18-5141 BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970