JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 18-5141 BHS |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S TRIAL BRIEF |
| DONNIE BARNES, SR, | ) | |
| Defendant. | ) | |

## I.   STATEMENT OF THE CASE

Though Mr. Barnes's victim does not desire either a trial or a 15-year minimum penalty, the government insists on a trial carrying that minimum penalty. The government also rejects Mr. Barnes' offer of a bench trial, which would spare victims and the jurors the hardships that attend a jury trial. Mr. Barnes therefore proceeds to jury trial explicitly to preserve issues (1) raised in the pretrial motions, (2) relating to the interpretation of the statutory definition of "sexually explicit conduct," and (3) pertaining to the proper application of the rules of evidence and criminal procedure. This trial should not be understood as a denial of responsibility. As the government doubtless will emphasize, Mr. Barnes accepted responsibility even before his arrest. *See* USSG § 3E1.1, Application Note 2.

The contested legal issues pertain only to Count One (production of child pornography) and Count Two (distribution of child pornography). The defense will not contest Count Three, which charges that Mr. Barnes knowingly possessed child

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

pornography. That count alone permits a 20-year sentence, a lifetime of supervision, and sex-offender registration.

## II.   FACTS

Donnie Barnes, age 52, has never before been accused of any sexual misconduct. In count 1, the government charges that he produced or attempted to produce child pornography by taking photos and videos of his sleeping 11-year-old stepdaughter, including a video in which he pulls back her underwear. Count 2 alleges that Mr. Barnes then distributed (or attempted to distribute) child pornography by uploading one of those images, which had been cropped to remove identifying details, to an internet photo-sharing platform. Post-arrest, Mr. Barnes admitted taking and uploading the images. He also told officers that he had three child pornography videos on a USB drive in a box on his dresser.

## III.   LEGAL ISSUES

### A.   Exclusion of Witnesses

Mr. Barnes, Sr. requests that the Court order all potential government witnesses excluded from the courtroom during all portions of the trial. *See* Fed. R. Evid. 615.

### B.   The Court May Wish to Permit Attorney Voir Dire.

Fed. R. Crim. P. 24(a)(1) allows for either the Court *or* counsel to "examine prospective jurors." Though this case is factually straightforward, it implicates highly charged issues of child sexual exploitation. The Court therefore may wish to permit attorney voir dire.

### C.   The Court Should Give Model Instructions.

In some of the draft jury instructions shared with counsel, the government has augmented the Ninth Circuit's model instructions with language selected from Ninth Circuit opinions that it believes will be helpful to its case. Counsel generally asks the

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1   Court to give the instructions as drafted by the Ninth Circuit Jury Instruction
2   Committee, without the government's additions.
3         While Mr. Barnes may have other objections to the government's proposed
4   instructions after they are filed, three areas of anticipated disagreement merit immediate
5   attention. First, Mr. Barnes asks the Court not to instruct the jury on the so-called *Dost*
6   factors. The Circuits are split on whether the *Dost* factors are helpful or accurately
7   represent the law. *Compare, e.g., United States v. Overton*, 573 F.3d 679 (9th Cir.
8   2009); *United States v. Hodge*, 805 F.3d 675 (6th Cir. 2015); *Varner v. United States*,
9   2014 WL 902632, *2-3 (E.D. Mo. 2014) (noting Eighth Circuit uses *Dost* factors);
10  *United States v. Clark*, 2010 WL 3488138, *5 (D. Del. 2010) (noting Third Circuit has
11  adopted *Dost* factors); with *United States v. Batchu*, 724 F.3d 1, 9 (1st Cir. 2013) ("We
12  have been clear that the *Dost* factors are problematic"); *United States v. Price*, 775 F.3d
13  828, 839-40 (7th Cir. 2014) ("This case does not require us to determine whether the
14  *Dost* factors are always or never permissible, but we do take this opportunity to
15  discourage their routine use."); *United States v. Hillie*, 289 F.Supp.3d 188, 197 (D. D.C.
16  2018) (observing that the D.C. Circuit has yet to address whether the *Dost* factors
17  properly measure lasciviousness and "[t]he only case in this jurisdiction that has cited
18  *Dost* to date did so in passing"); *see also State v. Whited*, 506 S.W.3d 416, 430-37
19  (Tenn. 2016) (discussing federal court splits regarding the *Dost* factors). While some
20  Ninth Circuit cases, including *Overton*, *infra*, have affirmed convictions and, in the
21  course of doing so, have listed those factors, none of those cases have endorsed a
22  general practice of instructing the jury with the *Dost* factors. To the contrary: the Ninth
23  Circuit Jury Instruction Committee suggests including the statutory definition of
24  "sexually explicit conduct" without elaboration. *See* Ninth Circuit Model Jury
25  Instruction - 8.181 (Comment, Approved 4/2019).
26

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Further, insofar as the *Dost* factors permit the jury to consider the defendant's *intent* in assessing whether something is child pornography---a question that should be answered according to an objective standard---the *Dost* factors flatly both misrepresent congressional intent and violate the First Amendment. *See United States v. Spoor*, 904 F.3d 141, 151 (2d Cir. 2018) ("[O]verreliance on the intent of the photographer, and his idiosyncratic desires, raises constitutional concerns regarding criminalization of expressive conduct and creates a risk that a defendant could be convicted for being sexually attracted to children *without regard to whether the material produced is, objectively, child pornography*.") (emphasis added). Accordingly, Mr. Barnes, following the Model Instructions' suggestion, asks the Court to instruct the jury with the statutory language.

Second, the Court need not (and should not) instruct the jury that "Whether a visual depiction constitutes a lascivious exhibition of the genitals or pubic area should be viewed from the perspective of the photographer or the photographer's intended audience, not from the perspective of the person being depicted." Government's proposed instruction 34.  Stripped of context, this language mischaracterizes *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987), which held only that "In the context of the statute applied to the conduct of children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles." Further, while the government's proposed language suggests that the photographer's intent is central, *Wiegand* itself makes clear that jury's assessment of whether the photograph is a lascivious exhibition should be judged according to an objective standard. *See id.* ("The crime punished by the statutes against the sexual exploitation of children, however, does not consist in the cravings of the person posing the child or in the cravings of his audience. Private fantasies are not within the statute's ambit.").

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 4

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Mr. Barnes, of course, will not argue that the victim's intent controls. Accordingly, again, Mr. Barnes respectfully asks the Court to follow the suggestion of the Model Instruction, and limit its instruction to the statutory language.

Finally, the Court should reject the government's proposed instruction 36, which purports to define "produced using." The language proposed by the government is unnecessary and substantially broader that the language in the opinions on which the government purports to rely. Again, counsel proposes that the statutory definition provides a sufficient basis for argument.

### D. The Court Should Inform the Jury of the Statutory Penalties and Permit the Defense to Argue for Conscientious Acquittal.

Regardless of his efforts to ameliorate the effects of his crime, Mr. Barnes plainly exhibited criminally poor judgment by taking invasive photos of his 11-year-old stepdaughter. The government's insistence on a 15-year minimum penalty, however, is unjustifiably harsh. If informed of that minimum penalty, there is a substantial likelihood that a jury would exercise its right to nullify the verdict.

Mr. Barnes therefore requests the opportunity to inform the jury of the results of the government's charging decision. Modern cases (perhaps erroneously) do not generally afford defendants the *right* to inform juries of the penalties and argue for conscientious acquittal, but no controlling cases *preclude* a district court from permitting such arguments.

Permitting a jury to hear evidence about the consequences of conviction is especially reasonable in a case where, as here, one of the counts carries a substantially more severe and surprising mandatory minimum. That is: Mr. Barnes is charged with a violation of both 18 U.S.C. § 2251(a) (production of child pornography), which carries a fifteen-year minimum, and 18 U.S.C. § 2252(a)(2) (distributing child pornography), which carries a five-year minimum. Under the circumstances of this case, "production"

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

could easily be understood as less serious, as the victim was unaware that the video was taken, while the distribution charge might be understood to entail further, future harm through dissemination of the video to third parties, even though Mr. Barnes removed the victim's identifying details. Informing the jury of the disparate penalties avoids possibility of a compromise verdict inconsistent with the jury's intent.

### E. The Court Should Inform the Jury that the Prosecution Selects the Minimum Penalty.

The government has proposed model instruction 46, which tells the jury that the "punishment provided by law for this crime is for the court to decide." That instruction should be modified to reflect the truth, which is that the Court "decides" the punishment subject to minimum and maximum penalties established by the government's charging decisions. Jury trials exist, in part, to involve and educate the community about the criminal system. Obfuscating the prosecutor's role in determining a defendant's sentence undermines those purposes.

### F. Witnesses Should be Precluded from Giving Testimony Regarding Legal Conclusions and, More Specifically, Identifying the Images as "Child Pornography" or "Lascivious."

Whether any of the images admitted in evidence actually meet the definition of "sexually explicit conduct" is an issue for the jury to determine. Testifying witnesses should be precluded from announcing their opinions about the legal character of the subject images. Opinions such as that the images are "suspected child pornography" or characterizations of the images as "lascivious" are not proper evidence, because such opinions invade the province of the jury and thus cannot be offered for any relevant purpose, and because their prejudicial effect is obvious. Neither party has identified an expert who could provide such opinion testimony. Indeed, the Ninth Circuit upheld the exclusion of expert testimony regarding the "lascivious" nature of images in a child pornography case because such testimony "would have impinged on the jury's

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

function" and such issues are within the common understanding of jurors. *United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir. 1990).

### G. The Court Should Determine, for Each Image, for Which Count or Counts it is Admissible.

The Ninth Circuit Jury Instructions Committee "recommends judges use limiting instructions whenever evidence is received for a limited purpose." Comment, Instruction 2.13. Accordingly, if evidence is admissible only for a particular count (or counts), that should be determined prior to admission, so that the Court can give appropriate limiting instructions with each such admission. Instruction 2.10, which contains updated language, requires that the Court inform the jury the purposes behind admitting the evidence (the images), then asks the Court to caution the jury:

> Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.
>
> The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the act[s] charged in the indictment.
>
> Remember that the defendant is on trial here only for [state charges], not for these other acts. Do not return a guilty verdict unless the government proves the crime[s] charged in the indictment beyond a reasonable doubt.

Instruction 2.10 Other Crimes, Wrongs or Acts of Defendant.

The defense respectfully requests that the Court read this instruction each time an image is admitted. The defense would expect that most such questions can be resolved pre-trial as to various categories of images, so the process of making these

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 7

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

determinations will not be terribly time-consuming and will not delay the jury (if there is a jury trial).

### H. Count One Requires a Unanimity Instruction.

Counts One and Two are duplicitous because they charge both substantive crimes (production and distribution of child pornography), and attempts to commit those crimes, which have different elements. *See United States v. Ramirez-Martinez*, 273 F.3d 903, 914–15 (9th Cir. 2001), *overruled on unrelated grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). The Court therefore must require the government to elect a theory, or else instruct the jury that they must unanimously agree as to the theory of culpability. *Id.* at 915.

### I. The Court Should Instruct the Jury on the Theory of Defense.

Mr. Barnes requests an instruction that his theory of defense is that the images here are not pornographic but rather are, at most, "child erotica." *See United States v. Gourde*, 440 F.3d 1065, 1068 (9th Cir. 2006) (en banc) (describing child erotica as "images that are not themselves child pornography but still fuel ... sexual fantasies involving children."); *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006) ("not all images of nude children are pornographic"); *United States v. Vosburgh*, 602 F.3d 512, 520 (3d Cir. 2010) ("'Child erotica' has been defined by Federal courts as 'material that depicts young girls [or boys] as sexual objects or in a sexually suggestive way,' but is not 'sufficiently lascivious to meet the legal definition of sexually explicit conduct'").

"The jury must be instructed as to the defense theory of the case, but the exact language proposed by the defendant need not be used, and it is not error to refuse a proposed instruction so long as the other instructions in their entirety cover that theory." *United States v. Singh*, 924 F.3d 1030, 1047 (9th Cir. 2019). Here, the remaining instructions do not adequately convey the possibility that images may be exploitative,

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 8

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1 | even lascivious, without being pornographic; counsel therefore respectfully asks the
2 | Court to instruct the jury as he requests.
3 |     DATED this 18th day of October, 2019.
4 |     Respectfully submitted,
5 |
6 |     *s/ Mohamed Hamoudi*
    *s/ Gregory Murphy*
7 |     Assistant Federal Public Defenders
    Attorneys for Donnie Barnes, Sr.

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 9

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

                                                            s/ *Julie L. Valencia*
                                                            Julie L. Valencia, Paralegal
                                                            Federal Public Defender
                                                            1331 Broadway, Suite 400
                                                            Tacoma, WA 98402
                                                            253-593-6710 voice
                                                            253-593-6714  facsimile

DEFENDANT'S TRIAL BRIEF
(*U.S. v. Barnes, Sr.*; CR 18-5141 BHS) - 10

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**