The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONNIE BARNES, SR.,

Defendant.

NO. CR18-5141 BHS

**GOVERNMENT'S SUPPLEMENTAL
TRIAL BRIEF AND RESPONSE TO
MOTIONS *IN LIMINE***

One thing must be made absolutely clear:  Donnie Barnes is the cause for the pain his victims will endure and the unenviable task the jurors empaneled in this case will undertake.  Barnes committed acts of violence against innocent children.  Justice demands he be held to account and requires that his guilt be proven beyond a reasonable doubt at a public trial.  While he seeks no more than the constitutional guarantees, as is his right, make no mistake.  *Barnes* chose to commit these crimes, and *Barnes* now chooses to put the government to its proof.  His frustration that the government will not make the plea offer *he* thinks is *fair* is understandable.  He goes too far, though, when he lays blame for what this trial will entail at the feet of the government.  Barnes, not the government, is the author of this story.  And Barnes need look no further than himself for someone to blame for what is to come.

Government's Supplemental Trial Brief
*U.S. v. Barnes,* CR18-5141 BHS - 1

1    In his trial brief, Barnes asks this Court to make certain evidentiary rulings and
2    instruct the jury on several issues that were not (and could not have been) addressed in
3    the government's trial brief.  As such, the government offers a brief response to these
4    matters in the discussion that follows.   In the brief that follows, the government first
5    addresses the parties' primary disputes over jury instructions, then responds to Barnes's
6    apparent motions *in limine*, and concludes by responding to Barnes's truly remarkable
7    invitation to this Court to permit him to engage in rank jury nullification.

8                                I.      **JURY INSTRUCTIONS**

9    Regarding jury instructions, Barnes first asks this Court to abandon the *Dost*
10   factors altogether.  But the simple fact is that whatever doubt Barnes may have about
11   their utility, the Ninth Circuit does not share those concerns.  The Ninth Circuit (like
12   many other courts) embraces that list of six nonexclusive factors as a helpful tool for
13   determining whether a particular visual depiction involves a lascivious exhibition.  *See,*
14   *e.g.*, *United States v. Overton*, 573 F.3d 679, 686 (9th Cir. 2009).  And indeed, the sixth
15   *Dost* factor, whether the visual depiction is intended or designed to elicit a sexual
16   response in the viewer, "is of particular utility where, as is the case here, the criminal
17   conduct at issue relates to a defendant's role in the production" of child pornography.  *Id.*
18   at 688.

19   Second, Barnes also wrongly claims that, to the extent the Court instructs the jury
20   on the *Dost* factors, it should make clear that the standard is an objective one.  Here too,
21   the Ninth Circuit has spoken, and while Barnes may disagree, his disagreement offers no
22   sound basis to disregard the law that binds this Court.  It is undisputed that in assessing
23   the image, the perspective of the minor being depicted is irrelevant.  Barnes's insistence
24   on an objective standard—prohibiting the jury from considering the subjective intent of
25   the producer or viewer—is contrary to Ninth Circuit law.  As the Ninth Circuit has
26   explained,

27
28

Government's Supplemental Trial Brief
*U.S. v. Barnes*, CR18-5141 BHS - 2

1
2
3
4

> "Although it is tempting to judge the *actual* effect of the photographs on the viewer, we must focus instead on the *intended* effect on the viewer." As we have held, "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up *for an audience that consists of himself or likeminded pedophiles*."

5  *Overton*, 537 F.3d at 688 (emphasis added) (internal citations omitted).  Indeed, "[w]here

6  children are photographed, the sexuality of the depictions often is imposed upon them by

7  the attitude of the viewer or photographer."  *United States v. Arvin*, 900 F.2d 1385, 1391

8  (9th Cir. 1990).  As such, "[t]he motive of the photographer in taking the pictures

9  therefore may be a factor which informs the meaning of 'lascivious.'"  *Id.*

10       Barnes next asks this Court to force the government to elect between theories of

11  liability for Counts One and Two or require unanimity as to one theory or the other as

12  part of the jury instructions.  Whether legally required or not, the government's proposed

13  jury instructions for Counts 1 and 2 do exactly the latter.  That is, they require the jury to

14  be unanimous as to Barnes's guilt of the completed offense and then only if they are not

15  in unanimous agreement on that point, to consider the attempt theory, which itself may

16  only form the basis of a conviction if the jury is unanimous.

17       Finally, Barnes asks this Court to instruct the jury as to his particular "defense"

18  theory—namely, that the visual depictions of J.T. produced and distributed by Barnes are

19  no illegal child pornography but instead "child erotica."  Barnes offers no true defense,

20  however.  He simply intends to argue the government has not met its burden.  There need

21  be no special instruction to tell the jury what will be readily apparent:  that the defense

22  believes the visual depictions of J.T. do not involve a minor engaged in sexually explicit

23  conduct.  By that logic, the Court could as well instruct the jury that the defense is that

24  the defendant acted without knowledge or intent or that no means or facility of interstate

25  commerce was used to distribute the image relevant to Count 2.  There is simply no

26  reason to place the imprimatur of the Court on what are in reality arguments that the

27
28

Government's Supplemental Trial Brief
*U.S. v. Barnes,* CR18-5141 BHS - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   government has not met its burden, not a defense that somehow vitiates the defendant's

2   guilt.

## II.   DEFENSE MOTIONS *IN LIMINE*

4          Barnes first asks that government witnesses should be precluded from offering

5   testimony that certain visual depictions are lascivious or constitute suspected child

6   pornography.  While the government has no intention of asking any witness his or her

7   opinion as to whether a given visual depiction involves a "lascivious exhibition" or

8   "sexually explicit conduct," it is simply impossible for the government to present its case

9   without witnesses offering testimony that at least implies their belief that certain images

10  constitute child pornography or suspected child pornography.  And use of those terms is

11  unavoidable.  Barnes stands accused of producing, distributing, and possessing images

12  and videos of children being sexually abused.  To the extent Barnes seeks assurances the

13  government will not ask witnesses for their opinion as to whether a given visual depiction

14  is "lascivious" or depicts a minor engaged in "sexually explicit conduct," he has them.

15  Beyond that, his request should be denied.

16         Barnes next asks this Court to determine for each child exploitation image or

17  video the count or counts for which that depiction constitutes admissible evidence and

18  issue appropriate limiting instructions in the course of trial.  Insofar as the images/videos

19  of child pornography are concerned, however, each constitutes admissible evidence as to

20  all three offenses.

21         There is of course a distinction between evidence that may form the basis of a

22  conviction and admissible evidence of a given criminal offense.  The government will

23  make clear in its case-in-chief, as outlined in its trial brief, which evidence of child

24  pornography provides the basis for each charge.  The basis for Count 1 are the sexually

25  explicit images and videos of J.T. Barnes created (and in the case of at least one image)

26  shared over the internet.  The basis for Count 2 is that shared image of J.T.  And the basis

27  for Count 3 is the material depicting the sexual abuse of minors other than J.T. that

28

Government's Supplemental Trial Brief
*U.S. v. Barnes,* CR18-5141 BHS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Barnes possessed on his iPhone and thumb drive.  All of these visual depictions,

2  however, constitute *admissible evidence* of each of the charged offenses.  This is so

3  because each offense requires the government to prove Barnes's knowledge and intent.

4  The visual depictions created, shared, and stored by Barnes can be considered by the jury

5  as evidence of that knowledge and intent as to each count.

6      Indeed, Federal Rule of Evidence 414 expressly states, "In a criminal case in

7  which the defendant is accused of an offense of child molestation, evidence of the

8  defendant's commission of another offense or offenses of child molestation is admissible,

9  and may be considered for its bearing on any matter to which it is relevant."   Fed. R.

10  Evid. 414(a).  The rule, in turn, defines "child molestation" to include "any crime under

11  federal law . . . involving any conduct prohibited by 18 U.S.C. chapter 110," which

12  includes all of the charges against Barnes.  Fed. R. Evid. 414(d)(2)(B); *see also, e.g.*,

13  *United States v. Sheldon*, 755 F.3d 1047, 1050-51 (9th Cir. 2014).

14      Thus, to the extent Barnes seeks a limiting instruction that would expressly forbid

15  the jury from considering any of the child exploitation images and videos offered as

16  relevant and admissible evidence of each of the offenses charged, the Court should

17  decline to do so.

18              **III.    THE PENALTIES AND JURY NULLIFICATION**

19      The matter that should be of greatest concern is Barnes's request that the Court

20  inform the jury of the mandatory minimum penalty that he faces if convicted and permit

21  him to argue for "conscientious acquittal."  Put more plainly, Barnes asks for this Court's

22  blessing in his quest for jury nullification.  His request is anathema to the principles of

23  justice and fairness that undergird the judicial system of which this Court is a guardian.

24  And it should be refused.

25      A jury may have the power to nullify, but it has no right to do so.  *Merced v.*

26  *McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005).  Nullification is "'a violation of a juror's

27  sworn duty to follow the law as instructed by the court,' and, to that end, 'trial courts

28

Government's Supplemental Trial Brief
*U.S. v. Barnes*, CR18-5141 BHS - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   have the duty to forestall or prevent such conduct,' including 'by firm instruction or

2   admonition.'" *United States v. Lynch*, 903 F.3d 1061, 1079 (9th Cir. 2018) (quoting

3   *Merced*, 426 F.3d at 1079–80); *see also United States v. Kleinman*, 880 F.3d 1020, 1032–

4   33 (9th Cir. 2017).

5       More important here, Barnes has no right to seek jury nullification.  "[N]either a

6   defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a

7   legal defense to, or an element of, the crime charged.  Verdicts must be based on the law

8   and the evidence, not on jury nullification as urged by either litigant." *Zal v. Steppe*,

9   968 F.2d 924, 930 (9th Cir. 1992) (concurring opinion); *see also United States v.

10  Gorham*, 523 F.2d 1088, 1097–98 (D.C. Cir. 1975) (rejecting defense's request to admit

11  evidence relevant only to a potential "conscience verdict").

12      Indeed, the Ninth Circuit, in opinions and model instructions, has repeatedly

13  reaffirmed this basis principle.  In 2008, for example, it affirmed a district court's

14  instruction to the jury to disregard defense counsel's nullification argument.  *United

15  States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (noting that the district court had

16  exercised "considerable restraint in the face of blatant jury nullification arguments").  In

17  2018, it reaffirmed the long-settled principle that that a jury "should be admonished to

18  'reach its verdict without regard to what sentence might be imposed.'" *Lynch*, 903 F.3d

19  at 1081 (quoting *Shannon v. United States*, 512 U.S. 573, 579 (1994)).  And just one

20  month ago, the Ninth Circuit Model Instructions Committee reviewed and approved

21  Model Jury Instruction 7.4, which admonishes jurors that they "may not consider

22  punishment in deciding whether the government has proved its case against the defendant

23  beyond a reasonable doubt."

24      The question the jury in this case will face is whether Barnes's guilt has been

25  established beyond a reasonable doubt.  Neither the government's charging decision nor

26  the sentence that may result should he be convicted is probative of that question.  The

27  Court should not inform the jury of the penalties Barnes faces, and it should admonish the

28

Government's Supplemental Trial Brief
*U.S. v. Barnes*, CR18-5141 BHS - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   defense in the strongest possible terms that argument or evidence along those lines will

2   not be permitted

3       DATED this 21st day of October, 2019.

4                                       Respectfully submitted,

5
                                        BRIAN T. MORAN
6                                       United States Attorney

7

8                                       _s/ Matthew P. Hampton_
9                                       MATTHEW P. HAMPTON
                                        LYNDSIE R. SCHMALZ
10                                      Assistant United States Attorneys
11                                      700 Stewart Street, Suite 5220
                                        Seattle, Washington 98101
12                                      Phone: (206) 553-6677
13                                      Fax: (206) 553-0755
                                        E-mail: Matthew.Hampton@usdoj.gov
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Supplemental Trial Brief
*U.S. v. Barnes,* CR18-5141 BHS - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*s/ Becky Hatch*
BECKY HATCH
Legal Assistant
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Fax: (206) 553-0755
Email: Becky.Hatch@usdoj.gov

Government's Supplemental Trial Brief
*U.S. v. Barnes,* CR18-5141 BHS - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970