JUDGE BENJAMIN S. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR18-5141BHS |
| Plaintiff, | ) | |
| v. | ) | RESPONSE TO GOVERNMENT'S |
| | ) | SUPPLEMENTAL TRIAL BRIEF |
| DONNIE BARNES, | ) | |
| Defendant. | ) | |

## The Court should provide the Ninth Circuit Model Instructions

The government's response continues to insist that the Court provide the jury with propositions of law found nowhere in the statute. Mr. Barnes objects, and requests the Court instruct the jury as the Ninth Circuit Jury Instruction Committee proposes.

The government request chiefly relies on *United States v. Overton*, 573 F.3d 679 (9th Cir. 2014). But *Overton* itself emphasized that the *Dost* factors are "not definitional," and that the ""[T]he jury should not be made to rely on the *Dost* factors with precision to reach a mathematical result, or to weigh or count them, or to rely on them exclusively." *Id*. at 688. It would be error, therefore, to ask the jury to "weigh" or "count" or "rely on" the *Dost* factors exclusively, and the jury would err by doing so on its own. The simplest way to avoid inviting these errors is to follow the Ninth Circuit Jury Instruction Committee's suggestion to omit this extra-statutory language entirely.

RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF
(*Donnie Barnes*; CR18-5141BHS) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

If, however, the Court agrees to augment the Model instructions as the government demands, Mr. Barnes requests that the instructions also be modified to explain that "not all images of nude children are pornographic." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006).  Also, the government's requested instruction (from *Overton)* that "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles" should be followed also by the subsequent line, which clarifies that "an innocent child can be coaxed to assume poses or expressions that bespeak sexual availability when viewed by certain adults."). *Overton*, 573 F.3d at 689.

**It is unconstitutional for the prosecutor to control both charging and sentencing**

For the Court's consideration, Mr. Barnes respectfully offers the attached article by Warren Distinguished Professor Donald Dripps, who concludes that the Due Process guarantee of a neutral tribunal prohibits the prosecutor from controlling sentencing decision. Mr. Barnes objects to the mandatory minimum penalties here for the reasons Professor Dripps cites.  Exhibit 1, Law Review Article.

**Barnes's Request for Limiting Instruction**

The government, as it did in its trial brief, states:

> The basis for Count 1 are the sexually explicit images and videos of J.T. Barnes created (and in the case of at least one image) shared over the internet. The basis for Count 2 is that shared image of J.T. And the basis for Count 3 is the material depicting the sexual abuse of minors other than J.T. that Barnes possessed on his iPhone and thumb drive.

Dkt. 64, p. 4-5.

Then the government, citing to FRE 414, states, "All of these visual depictions, however, constitute admissible evidence of each of the charged offenses. This is so because each offense requires the government to prove Barnes's knowledge and intent.

RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF
(*Donnie Barnes*; CR18-5141BHS) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1 The visual depictions created, shared, and stored by Barnes can be considered by the
2 jury as evidence of that knowledge and intent as to each count." Id., p.5.
3  There are several problems with this argument.
4  First, the government has not, as it must, provided Mr. Barnes with adequate
5 notice, by "statement or summary," that it intends to rely on these images
6 interchangeably to prove up Counts One through Three. *See* Fed. R. Evid. 414(b).  If
7 the government intends to admit one of the "fewer than 100 exhibits during its case-in-
8 chief," Dkt. 57, p. 2, for other purposes, a similar objection will be lodged.  The lack of
9 notice as to how the government intends to use evidence is of particular concern
10 because the government's response makes the false accusation that Mr. Barnes
11 "committed acts of violence against innocent children." Dkt. 64, p. 1.  J.T., her mother,
12 and law enforcement have never reported that Mr. Barnes committed violence against
13 J.T.  The images the government intends to admit under Count Three do not involve
14 Mr. Barnes. Mr. Barnes has no history of violence.  Even if the Court does admit it for
15 such purposes, it should still be excluded under FRE 403 and 414 because the probative
16 value of using this evidence for dual purposes is substantially outweighed by the danger
17 of causing Mr. Barnes unfair prejudice and confusing the jury as to the issues that are in
18 dispute. *United States v. Lemay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001).  The images
19 the government intends to admit under Count 3 involve sexual intercourse with a child
20 and oral sex with a child.  Mr. Barnes will not dispute that he possessed these images or
21 that they constitute child pornography.  Mr. Barnes has never engaged in such conduct.
22 The government's own evidence will establish that he never intended to engage in such
23 conduct with J.T.  The central dispute in this case is whether the images the government
24 intends to admit under Counts One and Two constitute child pornography.  The Court
25 should not allow the government to admit this evidence for dual purposes because all it
26

RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF
(*Donnie Barnes*; CR18-5141BHS) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1 | will serve to do is cause unfair prejudice and confuse the issues.

2 |     DATED this 21st day of October, 2019.

3 |         Respectfully submitted,

5 |         s/ *Mohammad Ali Hamoudi*
        s/ Gregory Murphy
6 |         Assistant Federal Public Defenders
        Attorneys for Donnie Barnes
7 |         Office of the Federal Public Defender

RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF
(*Donnie Barnes*; CR18-5141BHS) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

# CERTIFICATE OF SERVICE

I certify that on October 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF
(*Donnie Barnes*; CR18-5141BHS) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**