The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

v.

DONNIE BARNES, SR.,

Defendant.

NO.  CR18-5141 BHS

**JOINT PROPOSED JURY
INSTRUCTION REGARDING
LIMITED PURPOSES FOR WHICH
CERTAIN EVIDENCE SHOULD BE
ADMITTED**

In response to the Court's minute order issued after the pretrial Conference on October 22, 2019 (Dkt 69), the parties have conferred and propose the following limiting instruction, which should be read to the jury before Exhibit 5 is published to the jury.  The government intends to offer three exhibits containing contraband that it will seek to publish to the jury (as well as redacted versions of these same exhibits).  Exhibits 3 and 4 pertain to visual depictions of J.T.  Exhibit 5 contains visual depictions minors other than J.T.  That Exhibit thus relates primarily to Count 3 of the Indictment, though the government will argue that the defendant's possession of these visual depictions does constitute evidence of the defendant's culpable mental state as it relates to Count 1 and 2.  As such, the parties have agreed on the following limiting instruction to be read to the jury before the government publishes Exhibit 5.

1

2                                                DATED: October 18, 2019

3       *Attorneys for Defendant*                BRIAN T. MORAN

4                                                United States Attorney

5       s/ Mohammad Ali Hamoudi                   s/ Matthew Hampton

6       MOHAMMAD ALI HAMOUDI                      MATTHEW HAMPTON

        GREGORY MURPHY                            LYNDSIE R. SCHMALZ

7       Assistant Federal Defenders              Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUESTED INSTRUCTION NO. __

INSTRUCTION NO. ____

You are about to hear testimony about and view evidence contained in Government's Exhibit 5.  You should consider this evidence in determining whether the defendant is guilty of the offense charged in Count 3.  You may also consider this evidence in determining whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in Counts One and Two of the Indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the offense charged in Count 3 he must also have committed the acts charged in Counts 1 or 2 of the Indictment.